IN THE UNITED STATES DISTRICT COURT FILED-ED4
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION          01 JUL 31 PM 3:54

                                          CLERK
                                   U.S. DISTRICT COURT

JIMMIE CASIANO, on behalf       )
of himself and all other        )
Plaintiffs similarly situated   )
known and unknown,              )          01C 5888
                                )
        Plaintiffs,    DOCKETED )
                                )
  v.                  AUG 0 1 2001)
                                )          JUDGE PLUNKETT
                                )
DELIVERY PROS, INC., and MICHAEL)
PROUGH, individually            )          MAGISTRATE JUDGE KEYS
                                )
        Defendants.             )

## COMPLAINT

NOW COME Plaintiff, JIMMIE CASIANO, on behalf of himself and all other Plaintiffs similarly situated, by and through their attorney, JOHN W. BILLHORN, and for their Complaint against, DELIVERY PROS, INC., and MICHAEL PROUGH, individually, states as follows:

I.   **NATURE OF ACTION**

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et. seq*.

II.  **JURISDICTION AND VENUE**

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et. seq., the Portal-to-Portal Act, 29 U.S.C. §251 et seq., and 28 U.S.C. §1331. Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and the Defendant corporation is engaged in business in this district.

III. <u>PARTIES</u>

3. Defendant, DELIVERY PROS, INC., (hereinafter "Defendant") is engaged in the business of providing various delivery services to the public in and around the greater Chicagoland areas. Defendant MICHAEL PROUGH is the owner of DELIVERY PRO, INC.

4. Plaintiff, JIMMIE CASIANO (hereinafter "the named Plaintiff") and all other unnamed Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past hourly employees of Defendants. The named Plaintiff was first employed as a delivery truck driver and helper (from approximately June of 1998 through August of 2000) and then as a in-home damages repair laborer (from approximately August 2000 through the present)

IV. <u>CLASS ALLEGATIONS</u>

5. Pursuant to 29 U.S.C. §216(b), this action may be maintained by the Plaintiff Class, or by anyone for and on behalf of him/herself and other Plaintiffs similarly situated, who have been damaged by Defendants' failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq.* These class allegations do not pertain to the allegations contained in Count IV.

6. All past and present employees of Defendants are similarly situated to the named Plaintiff in that Defendants have applied the wage policies complained of herein, all of which violate the FLSA, on a Company-wide basis. All past and present employees, like the named Plaintiff herein, were and are engaged in job duties and responsibilities integral and indispensable to the operation of Defendants' business, and all have been and/or are presently denied proper compensation, as more specifically alleged herein, as required by the F.L.S.A.

2

7. For all members of the Plaintiff Class to become fully aware of their right to join this cause of action, a certain period of time as determined by this Court is necessary to send notice to the entire Plaintiff Class, as well as certain additional time for those members to file consent forms with this Court as provided by 29 U.S.C. §216(b).

8. Pursuant to Title 29 USC § 216(b), the Court shall, in addition to any judgment awarded the Plaintiff Class, allow reasonable attorneys' fees and costs of the action to be paid by Defendants.

9. In order to bring this cause of action, it has been necessary for the named Plaintiff, and will become necessary for the other members of the Plaintiff Class, to employ attorneys to secure any judgment due them with regard to back overtime compensation.

## V. FACTUAL ALLEGATIONS

10. The named Plaintiff, and all other members of the Plaintiff Class, known and unknown, at all times pertinent to the cause of action, were or are employed by Defendant, said employment being integral and indispensable to Defendants' business.

11. Defendants have, both in the past and presently, employed members of the Plaintiff Class, including the named Plaintiffs, in excess of forty (40) hours in a workweek, but have failed to pay those individuals at a rate of time and one-half their regular hourly rate, pursuant to the requirements of the F.L.S.A. Instead, Defendants have compensated drivers and other employees on a weekly, salary basis, although none of the employees are subject to the salary exemptions provided by the FLSA.

## COUNT I

## VIOLATION OF FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 are realleged and incorporated as though set forth fully herein as paragraphs 1 through 11 of Count I.

12. Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-Portal Act 29 U.S.C. §251 *et. seq.*, the named Plaintiff, and all other Plaintiffs similarly situated, known and unknown, are entitled to compensation at a rate not less than one and one-half their regular rate of pay for all hours worked in excess of forty (40) hours in any week during the two (2) years preceding the filing of this action.

13. Defendants have at all times relevant hereto failed and refused to pay compensation to its employees, including the named Plaintiff herein, at the rate of one and one-half their regular hourly wage rate for hours worked over forty (40) in a work week, all as required by the F.L.S.A.

14. Defendants' failure to pay compensation at the rate of one and one-half for all hours worked over forty (40) in a work week, is a violation of the Fair Labor Standards Act.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A. Awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

B. Awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

C. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

D.  For such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-11. Paragraphs 1 through 11 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

12. Defendants have, both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

13. Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

14. Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

A.  Awarding back pay equal to the amount of all unpaid overtime compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

B.  Awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

C. Awarding Plaintiff's reasonable attorneys' fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

D. For such additional relief as the Court deems appropriate under the circumstances.

## COUNT III

### LIQUIDATED DAMAGES

1-11. Paragraphs 1 through 11 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 11 of Count II.

12. In denying Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half for hours worked over forty (40) in a workweek, Defendants' acts were not based upon good faith or reasonable grounds.

13. The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff, on behalf of himself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

A. Awarding liquidated damages equal to the amount of all unpaid overtime compensation;

B. Awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

C. For such additional relief as the Court deems appropriate under the circumstances.

## COUNT IV

### Individual Claim of Plaintiff JIMMIE CASIANO

1. Paragraphs 1-3 of Count I are realleged and incorporated as paragraphs 1-3 of thsi Count IV.

2. When Plaintiff, JIMMIE CASIANO, first changed job duties from a driver/helper to an in-home damages repair laborer, he was being improperly compensated as a salaried employee, which is the subject of Counts I and II. At some time during his employment as the in-home repair laborer, Defendants changed Plaintiff's method of compensation to a flat rate of $60.00 per in-home repair. At the same time, certain procedures and policies also changed wherein Plaintiff was required to purchase with his own money or credit the repair materials for each job. Plaintiff and Defendants agreed that the material costs incurred for each repair job would be reimbursed to him upon Plaintiff's presentation of the reasonable receipts or other proof of purchase.

3. Plaintiff complied with the agreement and, for the most part, timely submitted various receipts and proof of purchase of the material utilized in the course of him employment for repairs.

4. However, Defendant has failed and/or refused to properly reimburse Plaintiff for the cost of the materials and has unreasonably and vexatiously withheld from Plaintiff reimbursement and/or payment for said material, in violation of the provisions of the FLSA.

WHEREFORE, Plaintiff request this Court to enter an order awarding Plaintiff payment of the back employment related expenses and for such other relief as the Court deems necessary under the circumstances.

Respectfully submitted,

_____
John W. Billhorn, attorney for
Plaintiffs, and all other Plaintiffs similarly
situated, known or unknown.

John W. Billhorn
JOHN W. BILLHORN, P.C.
100 N. La Salle Street, Suite 1910
Chicago, Illinois 60602
(312) 201-0911

# **ATTORNEY CLIENT AGREEMENT**

This agreement, entered into on this \_\_\_\_ day of _____, 2001, between_____ (Client) and John W. Billhorn, (Attorney), hereby authorizes and engages the Law Offices of John W. Billhorn to pursue back wages and other relief against_____, and by his/her signature below, hereby consents to be a party Plaintiff in said law suit.

This agreement acknowledges that Client shall owe Attorney nothing for the attorney's services or expenses but rather, the employer against whom the case is brought shall be responsible for all attorney's fees and expenses.

_Jimmie Cassano_
CLIENT

_____
ATTORNEY

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I (a) PLAINTIFFS**

Jimmie Casiano, et al

**DEFENDANTS**

Delivery Pros, Inc. and Michael Prough

**DOCKETED AUG 0 1 2001**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT** Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

John W. Billhorn
John W. Billhorn, P.C.
100 N. La Salle - Suite 1910
Chicago, IL. 60602

**DOCKETED AUG 0 1 2001**

**ATTORNEYS (IF KNOWN)**

Unknown

**JUDGE PLUNKETT**

**01C 5888**

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only) (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**MAGISTRATE JUDGE KEYS**

**IV. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Cause is brought pursuant to the Fair Labor Standards Act, 29 USC Section 210 et. seq. Failure to pay overtime.

**V. NATURE OF SUIT** (PLACE AN x IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN x IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** CHECK IF THIS IS A **CLASS ACTION** ☐ UNDER F.R.C.P. 23  **DEMAND $ TO BE DETERMINED**  Check YES only if demanded in complaint: **JURY DEMAND:** ☒ YES ☐ NO

**VIII. REMARKS** In response to ☒ is not a refiling of a previously dismissed action
General Rule 2.21D(2) this case ☐ is a refiling of case number _____ of Judge _____

DATE _____    SIGNATURE OF ATTORNEY OF RECORD  /s/ John W. Billhorn

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**DOCKETED**
AUG 0 1 2001

In the Matter of

**JIMMIE CASIANO, et al / Plaintiffs**

vs.

Case Number **01C 5888**

**DELIVERY PROS, INC., et al / Defendants**

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JUDGE PLUNKETT

**PLAINTIFF(S)** — MAGISTRATE JUDGE KEYS

FILED
JUL 31 PM 3:54
U.S. DISTRICT COURT

### (A)
- SIGNATURE: [signed] John Billhorn
- NAME: John W. Billhorn
- FIRM: John W. Billhorn, P.C.
- STREET ADDRESS: 100 N. La Salle, Suite 1910
- CITY/STATE/ZIP: Chicago, IL. 60602
- TELEPHONE NUMBER: (312) 201-0911
- IDENTIFICATION NUMBER: ARDC # 6196946
- MEMBER OF TRIAL BAR? NO [X]
- TRIAL ATTORNEY? YES [X]

### (B)
DOCKETED AUG 0 1 2001
- SIGNATURE:
- NAME:
- FIRM:
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- IDENTIFICATION NUMBER:
- MEMBER OF TRIAL BAR? YES [ ] NO [ ]
- TRIAL ATTORNEY? YES [ ] NO [ ]
- DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ]

### (C)
- SIGNATURE:
- NAME:
- FIRM:
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- IDENTIFICATION NUMBER:
- MEMBER OF TRIAL BAR? YES [ ] NO [ ]
- TRIAL ATTORNEY? YES [ ] NO [ ]
- DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ]

### (D)
- SIGNATURE:
- NAME:
- FIRM:
- STREET ADDRESS:
- CITY/STATE/ZIP:
- TELEPHONE NUMBER:
- IDENTIFICATION NUMBER:
- MEMBER OF TRIAL BAR? YES [ ] NO [ ]
- TRIAL ATTORNEY? YES [ ] NO [ ]
- DESIGNATED AS LOCAL COUNSEL? YES [ ] NO [ ]

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE